UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JEFFREY WELLER,

                Petitioner,

    v.

RONALD HAYNES,

                Respondent.

Case No. 3:20-cv-05861-RAJ-TLF

ORDER ON MOTION TO CONSOLIDATE

SANDRA WELLER,

                Petitioner,

    v.

DEBORAH WOFFORD,

                Respondent.

Case No. 3:20-cv-5862-RAJ-TLF

These are federal habeas actions filed under 28 U.S.C. § 2254. *Weller v. Haynes*, No. 20-5681-RAJ-TLF ("Jeffrey Weller Matter"), Dkt. 3; *Weller v. Wofford*, No. 20-5862-RAJ-TLF ("Sandra Weller Matter"), Dkt. 3.

Before the court are identical motions to consolidate filed by each Petitioner. Jeffrey Weller Matter, Dkt. 4; Sandra Weller Matter, Dkt. 4. Respondents in each matter state that they do not oppose consolidation but would object to the two Petitioners proceeding under a single petition. Jeffrey Weller Matter, Dkt.11, Sandra Weller Matter, Dkt. 13. Petitioners have replied, clarifying that they do not seek to proceed under a

1  single petition but instead that each seeks to incorporate the other's claims into his or
2  her own petition. Jeffrey Weller matter, Dkt. 14 at 3-4; Sandra Weller Matter, Dkt. 16 at
3  3-4.

4         Petitioners are spouses and co-defendants. The state appellate courts
5  consolidated each of their previous appeals and personal restraint petition actions and
6  Petitioners contend that their federal habeas corpus cases should also be consolidated.
7  Jeffrey Weller Matter, Dkt. 14 at 2-3; Sandra Weller Matter, Dkt. 16 at 2-3. Respondents
8  agree that consolidation of Petitioners' habeas proceedings may be appropriate for
9  purposes of judicial economy and note that the state court record is likely the same in
10  both cases. Jeffrey Weller Matter, Dkt. 11 at 1; Sandra Weller Matter, Dkt. 13 at 1.
11  Consolidation of cases is authorized by Local Civil Rule 42. *See* Local Rules W.D.
12  Wash. ("LCR"), Rule 42. The Court interprets defendants' response as satisfaction of
13  the meet and confer requirement. LCR 42(b).

14         Rule 12 of the Rules Governing Section 2254 Federal Habeas Corpus Cases in
15  the United States District Courts provides that "The Federal Rules of Civil Procedure . . .
16  to the extent that they are not inconsistent with any statutory provisions or these rules,
17  may be applied to a proceeding under these rules."  Fed. R. Civ. P. 42(a) governs
18  consolidation of actions, and provides that the Court may consolidate cases that involve
19  common questions of law or fact. In such cases, the Court may: "(1) join for hearing or
20  trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue
21  any other orders to avoid unnecessary cost or delay."

22         Given the possible overlap in facts and law, the Court will conditionally grant the
23  motion. After the each of the Petitioners files his or her separate amended petitions (if

24

25

any), and after the Respondents file the state court record and an answer to each of the petitions, the Court will determine whether any additional orders would be useful to avoid unnecessary cost or delay.

Accordingly, the Court **ORDERS** as follows:

(1) Petitioners' motions to consolidate, *Weller v. Haynes*, No. 20-5681-RAJ-TLF, Dkt. 8; *Weller v. Wofford*, No. 20-5862-RAJ-TLF, Dkt. 10, are **GRANTED**;

(2) These two matters are consolidated. *Weller v. Haynes*, No. 20-5861-RAJ-TLF, shall be the lead case and all future filings shall bear that cause number;

(3) Petitioners may incorporate each other's claims by reference but must do expressly.

(a) Thus, if Petitioner Sandra Weller wishes to incorporate any of Jeffrey Weller's claims by reference, she must file an amended petition and expressly identify each claim in her petition into which she proposes to incorporate any claim asserted in Petitioner Jeffrey Weller's petition; and she must identify what portion(s), if any, of Petitioner Jeffrey Weller's claim is being incorporated into that specific claim in her petition.

(b) Likewise, if Petitioner Jeffrey Weller wishes to incorporate any of Sandra Weller's claims by reference, he must expressly identify each claim in his petition into which he proposes to incorporate any claim asserted in Petitioner Sandra Weller's petition; and he must identify what portion(s), if any, of Petitioner Sandra Weller's claim is being incorporated into that specific claim in Jeffrey Weller's petition.

(c) If Petitioners file amended petitions, they shall do so by February 5, 2021

in accordance with the Court's previous orders in each matter. *Weller v.*

*Haynes*, No. 20-5681-RAJ-TLF, Dkt. 10; *Weller v. Wofford*, No. 20-5862-

RAJ-TLF, Dkt. 12.

Dated this 18th day of December, 2020.

_____
Theresa L. Fricke
United States Magistrate Judge

- 4